UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRYEL MICHOLE-MEENA WILDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE, *et al.*, <br><br> Defendants. | Cause No. C21-0324RSL <br><br> ORDER REQUIRING A MORE DEFINITE STATEMENT |

On March 10, 2021, plaintiff's application to proceed *in forma pauperis* was granted and her complaint and request for injunction was accepted for filing. The complaint identifies six individual and two entity plaintiffs (Dkt. # 5 at 1-3) and an unknown number of defendants. In the section of the form complaint where defendants are listed, plaintiff identifies the Washington State Administrative Office of the Courts, Envision Law Firm, the court-appointed Special Advocates at CASA, and the Washington State Department of Health and Social Services. Dkt. # 5 at 13. Attachments to the form complaint include a printed list of state government agencies with asterisks near a handful of names plus a second list of twenty-nine individuals and entities. Dkt. # 5-2 and # 5-3. Plaintiff asserts claims under 42 U.S.C. § 1983, 18 U.S.C. § 1589, and RCW 42.92, *et seq.*,[1] with cross references to pages attached to the complaint, some of which

---

[1] The Court has been unable to locate the cited provisions of the Revised Code of Washington.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

mention various state laws. Dkt. # 5 at 5.

The factual bases for plaintiff's claims are not entirely clear given her attachment of seventy-two pages of tort claim forms, correspondence, and narrative that includes factual assertions, a purported transcript, and a chronology.[2] It appears, however, that plaintiff is challenging the following conduct:

- the Fife Police Department's failure to investigate an anti-harassment complaint made by a person named Ashanae against Lauren Lozada in early 2019;

- interference with service of process on a person named Cameron by the Tacoma Police Department, the Fife Police Department, Lauren, and Ashanae;

- the unjust allocation of public defender resources and the withdrawal of counsel when appointed to defend an unspecified charge;

- entry of a protective order in favor of Lauren and against plaintiff;

- the City of Fife's misdesignation of plaintiff as "Black" when she is Canadian Native and Creole;

- officers' false statements about plaintiff, resulting in a prosecutor's presentation of that information to a judge;

- the failure to give timely notice of a court date;

- disputes with neighbors and the Home Owner's Association regarding boundary line issues, communication failures, unsupervised dogs, selective enforcement of the association bylaws, and unwanted physical contact;

---

[2] Many of the attached documents were also attached to a complaint accepted for filing on February 26, 2021, in C21-0206RSL.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

● state court dependency, custody, and alimony determinations on the grounds that they violated the U.S. Constitution and state law;[3]

● abusive behavior on the part of Chiae Wilder, plaintiff's ex-husband, including compelling her into forced labor in violation of 18 U.S.C. § 1589.[4]

The basis for plaintiff's claim for injunctive relief is even less clear, relying almost entirely on the attached narratives describing past wrongs and injuries. Dkt. # 5 at 12. Instead of identifying the relief requested, plaintiff again cites to the attached narratives and lists a series of claims, including assault and battery, outrage, sexual harassment, *etc*. Dkt. # 5 at 13.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular*

---

[3] The seemingly incomplete documents at pages 23-37 of Dkt. # 5-4 and pages 5-9 of Dkt. # 5-7 appear to have been drafted as an appeal of the state court custody determinations. Plaintiff argues that the custody determinations deprived her of her constitutionally protected relationship with her children, violated her due process rights, interfered with her First Amendment right to practice her religion with her children, and constitute cruel and unusual punishment under the Eighth Amendment.

[4] Attachment D to plaintiff's complaint also contains a single-spaced documents purporting to be a communications with the Office of Professional Responsibility at the U.S. Department of Justice raising more than a hundred additional concerns and complaints involving various individuals and entities as "involved parties." Dkt. # 5-4 at 12-22.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3

*Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. The vast majority of the named defendants are identified only in lists, with no mention in the body of the complaint or in the attached letters and narratives. These defendants - and the Court - would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, a § 1983 claim, the criminal act of providing or obtaining forced labor, or a violation of RCW 42.92, *et seq*. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose as to most of the named defendants.

2. With regards to defendants who are mentioned in the narratives attached to the complaint, it is virtually impossible to discern any set of facts which could give rise to liability under 42 U.S.C. § 1983, 18 U.S.C. § 1589, and RCW 42.92, *et seq.*

3. To the extent plaintiff is seeking review of the state court's judgments and determinations in the underlying custody disputes, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine arises from 28 U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower federal courts from doing so.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 4

*Kougasian v .TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

    4. To the extent plaintiff is asserting a claim under 42 U.S.C. § 1983 against Chiae Wilder, Envision Law Firm, CASA advocates, Chong Sun (Kim) Wilder, Anthony Scott Marlow, Adriana Tejeda (Peters), and the other individuals and private corporations/associations identified in the attachments, she has not alleged state action in support such a claim. Nor can § 1983 be used to vindicate rights created by state law.

    5. To the extent plaintiff is asserting claims against one or more prosecutors, they are immune from liability under both the common law and § 1983 for conduct occurring within the scope of their duties. *See Imbler v. Pachtman*, 424 U.S. 409, 422-25 (1976).

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a *425 suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Cf. Bradley v. Fisher*, 13 Wall., at 348, 20 L.Ed. 646; *Pierson v. Ray*, 386 U.S., at 554, 87 S.Ct., at 1217. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

*Id.* at 424-25. Plaintiff's claims as they relate to the prosecutor's handling of the 2019 charges against her are therefore barred.

    6. To the extent plaintiff is asserting claims against judicial officers, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008)

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 5

(quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity is "absolute" in that it protects the decisionmaker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[V]arious forms of immunity, including . . . judicial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*, 967 F.2d 929, 937 (3rd Cir. 1992). Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate § 1983 action is unnecessary. *Mitchell v. Forsyth*, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results."). Thus, any claim against a judicial officer for his or her custody or protective order determinations is barred.

    7. Finally, plaintiff Abryel Michole-Meena Wilder is the only person to sign the complaint and request for injunction. There is no indication that Ms. Wilder is an attorney or otherwise able to represent the seven other named plaintiffs in this matter.

    For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but, if so, they are well and truly hidden amongst the sprawling narrative set forth in the attachments to the complaint. Plaintiff is hereby ORDERED to file on or before April 13, 2021, an amended complaint which clearly and concisely identifies the acts of which each named defendant is

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 6

accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts about the conduct of each defendant that he, she, or it has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, April 16, 2021.

Dated this 12th day of March, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 7